IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cr-20246-JPM-cgc |
| | ) | |
| ANTHONY BEARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

---

Before the Court is Defendant Anthony Bearden's ("Defendant") Motion to Suppress Statements Made During Custodial Interrogation (Docket Entry ("D.E.") 19), filed August 12, 2010. The Court referred the motion to the Magistrate Judge for Report and Recommendation on August 17, 2010. (D.E. 20.) The Magistrate Judge held a hearing on the motion on October 13, 2010. (D.E. 35.) The Report and Recommendation was received on February 15, 2011. (D.E. 50.)

The Magistrate Judge recommended that the Court deny the motion to suppress. (Report & Recommendation ("Rep. & Rec.") (D.E. 50) 1.) Defendant filed his objections on March 1, 2011. (D.E. 52.) The Government did not respond to Defendant's objections. After de novo review, the Court ADOPTS the Report

and Recommendation in its entirety and DENIES the motion to suppress.

## I. Background

Defendant is charged in a five-count indictment with possession of a firearm as a convicted felon (two counts), possession of cocaine base with intent to distribute, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. (D.E. 3.) Defendant seeks to suppress "involuntary and unintelligently made statements . . . during the terrorist-like invasion of government agents in to his dwelling place." (Mot. to Suppress Statements Made During Custodial Interrogation (D.E. 19) 1.)

On February 16, 2010, officers from the Memphis Police Department's Organized Crime Unit executed a search warrant at 2380 Warren Street in Memphis, Tennessee.[1] (Oct. 13, 2010 Hr'g Test. of William Acred ("Acred Test.") 15.) Defendant was named in the warrant. (Id.) Officers found firearms and illegal drugs in the house. (Oct. 13, 2010 Hr'g Test. of Darryl Dotson ("Dotson Test.") 43.)

Detectives William Acred ("Acred") and Darryl Dotson ("Dotson") interrogated Defendant in his kitchen. (Acred Test. 16.) Defendant was "calm" and "relaxed." (Dotson Test. 39.) Acred and Dotson gave Defendant water and cigarettes. (Id. at

---

[1] Defendant lives at this address. (Acred Test. 19.)

2

40.)  They allowed Defendant to sit during the interrogation. (Id.)  Defendant told Acred that he knew his Miranda rights because he had been arrested before.  (Acred Test. 22.) Nevertheless, Acred advised Defendant of his Miranda rights. (Id.)  Defendant then waived his Miranda rights.  (Id.)

The interrogation began at 10:36 a.m. and ended approximately thirty minutes later.  (Id. at 20.)  Defendant reviewed, initialed, and signed the statement of admission at 11:07 a.m.  (Id. at 27.)  He indicated that the statement had been given "freely and voluntarily without any threats, coercions, or promises."  (Id. at 26-27.)

## II. Standard of Review

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).  After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations.  28 U.S.C. §636(b)(1)(C).  The Court is not required to review findings or recommendations to which no objection has been made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Accordingly, the Court should adopt the findings and recommendations to which there is no objection.  Id.; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

3

**III. Analysis**

The Magistrate Judge recommended that the motion to suppress be denied.  (Rep. & Rec. 1.)  In doing so, the Magistrate Judge concluded that Defendant voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege against self-incrimination.  (Id. at 9, 13.)

Defendant offers two objections to the Magistrate Judge's proposed conclusions of law.  First, Defendant contends that Dotson's statement[2] that he "would have to arrest everybody [in the house]" unless Defendant confessed "w[as] sufficiently coercive to overbear [Defendant's] will and render his statement involuntary."  (Def.'s Objs. 2.)  Second, Defendant argues that his medical conditions prevented him from voluntarily waiving his Fifth Amendment privilege against self-incrimination.  (Id. at 3.)  The Court addresses Defendant's objections below.

**a. Dotson's Statement to Defendant**

During the interrogation, Dotson told Defendant that "if we couldn't determine . . . the ownership of the weapon[s] and the drugs . . . [then] we would have to arrest everybody [in the house]."  (Dotson Test. 43.)  Defendant argues that Dotson's statement renders his confession involuntary.  (Def.'s Objs. 2.)

---

[2] Defendant attributes the statement to Acred.  (Def.'s Objs. to Report and Recommendation ("Def.'s Objs.") (D.E. 52) 2.)  The record shows that Dotson, not Acred, made the statement in question.  (Acred Test. 35; Dotson Test. 43.)

4

The Fifth Amendment prohibits the government's use of a compelled confession in its case-in-chief. Oregon v. Elstad, 470 U.S. 298, 306-07 (1985). The Sixth Circuit has held that courts must examine the "totality of the circumstances" in order to determine whether a confession was compelled. Simpson v. Jackson, 615 F.3d 421, 433 (6th Cir. 2010); see also Ledbetter v. Edwards, 35 F.3d 1062, 1067 (6th Cir. 1994) (explaining that "an involuntary confession may result from psychological . . . coercion" but noting that "not all psychological tactics are unconstitutional"). Relevant factors include:

> the age, education, and intelligence of the accused; whether the accused has been informed of his constitutional rights; the length of the questioning; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as the deprivation of food or sleep.

Simpson, 615 F.3d at 433 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)).

The totality of the circumstances supports the Magistrate Judge's conclusion that Defendant's confession was voluntary. Defendant was fifty years old when the interrogation occurred. (Acred Test. 19.) Defendant has an eleventh-grade education. (Id.) Acred informed Defendant of his Miranda rights. (Id. at 22.) Moreover, Defendant told Acred that he was aware of his Miranda rights because of a prior arrest in Illinois. (Id.) The interrogation was brief; it lasted approximately thirty

5

minutes. (Id. at 20, 27.) There is no evidence that Defendant was subjected to physical punishment. Defendant received cigarettes and water. (Dotson Test. 40.) Accordingly, Defendant's objection is OVERRULED.

### b. Defendant's Medical Conditions

Defendant alleges that he suffers from various "medical conditions."[3] (Def.'s Objs. 3.) He argues that these conditions precluded him from voluntarily waiving his Fifth Amendment privilege against self-incrimination. (Id.) Defendant told Acred during the interrogation that he takes prescription medication. (Acred Test. 37.) Acred could not remember the type of medication--"it was . . . heart medication or blood pressure or something like that." (Id.) Acred testified that Defendant did not appear to be under the influence of "any type of drug or narcotics." (Id.) Dotson testified that Defendant did not complain of any health problems during the interrogation. (Dotson Test. 42.) There is no evidence that Acred or Dotson withheld Defendant's medication. Defendant has cited no authority for the proposition that a person's medical conditions, taken alone, prevent that person from voluntarily waiving his Fifth Amendment privilege against self-incrimination. See United States v. Papia, 910 F.2d 1357, 1363 (7th Cir. 1990) ("It is not this court's job to research the law

---

[3] Defendant has not disclosed what these conditions are.

6

to support an appellant's argument."). Accordingly, Defendant's objection is OVERRULED.

## IV. Conclusion

For the foregoing reasons, after de novo review, the Court ADOPTS the Report and Recommendation in its entirety. Accordingly, Defendant's Motion to Suppress Statements Made During Custodial Interrogation is DENIED.

IT IS SO ORDERED this 4th day of March, 2011.


_/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE